IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT SAYRES                                                                                                PLAINTIFF

             v.                               Civil No. 13-3096

JOHN FELTS, Arkansas Board of
Parole; SHERIFF MIKE MOORE;
JAMIN B. MARTIN, Parole Officer;
and OFFICER ROBERT CUTBORTH                                                                  DEFENDANTS

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Robert Sayres, an inmate of the Boone County Detention Center (BCDC), brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. He proceeds *pro se*.

Plaintiff is incarcerated in the BCDC on pending charges of theft of property, the unauthorized use of a vehicle, and criminal mischief in the second degree. Additionally, Plaintiff's parole has been revoked. Plaintiff has filed this case maintaining that Defendants' misconduct has resulted in his current imprisonment. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

**1. BACKGROUND**

According to the allegations of the complaint, Sayres rents a fifth wheel trailer to Karen Treet. On September 23, 2013, Sayres and Treet got into a disagreement over their "relationship." Treet "took off up the road" and called a friend to talk. While Treet was on the phone, Sayres alleges Officer Robert Cutborth pulled up next to her and attempted to get Treet to press false charges against Sayres; going so far as threatening to file charges against Treet if she did not "help get" Plaintiff.

Sayres alleges Cutborth's retaliation stems from 2005 when Sayres states he got an officer

fired.  As relief, Sayres wants his parole reinstated and compensatory and punitive damages.

In a motion for an emergency hearing submitted with the complaint, Sayres attaches a portion of a parole revocation report that indicates the revocation was being sought in connection with actions taken on August 26, 2013, and his failure to turn himself in on August 27, 2013, in accordance with the instructions of his parole officer, Jamin Martin.  Plaintiff was charged with the following violations: failure to report; violation of laws by possessing firearms, failure to appear, and a hot check violation; drinking excess amounts of alcohol; and failure to cooperate.  It was noted that Plaintiff had absconded on two prior occasions.  *Attached as Exhibit* 1.  Plaintiff was found to have violated the terms of his parole and the decision of the hearing examiner was affirmed by the Arkansas Board of Parole.  *Attached as Exhibit* 2.

In a motion to amend his complaint (Doc. 7), Plaintiff asserts that he was off parole supervision when he was asked to report by Martin.  However, the revocation report indicates that Plaintiff was paroled on October 29, 2010, and had a parole discharge date of October 10, 2014.  In the motion, Plaintiff seeks to add Kent Villians, a parole office supervisor, as a Defendant.  He maintains that Villians misconduct resulted in his being held in the BCDC.  Plaintiff has also filed a motion (Doc. 20) asking to make Mike Thomas, a parole officer supervisor, as a Defendant.  For the reasons discussed below, allowing these amendments would be futile.

## 2. DISCUSSION

The claims asserted are subject to dismissal.  First, Plaintiff's claims against John Felts, the Chairman of the Arkansas Board of Parole, are subject to dismissal.  The Arkansas Parole Board is a state agency created by the Arkansas General Assembly.  *See* Ark. Code Ann. § 16-93-201.  Its members are appointed by the governor and confirmed by the senate.  *Id.*  A claim against an officer of the Arkansas Parole Board is the equivalent of a suit against a state agency and Eleventh

Amendment immunity precludes this claim. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Furthermore, with respect to any individual capacity claims, in reviewing a parole revocation determination Felts performs essentially judicial functions and is entitled to quasi-judicial absolute immunity. *See e.g., Anton v. Getty*, 78 F.3d 393 (8th Cir. 1996); *see also Roach v. Stouffer*, 560 F.3d 860, 870 (8th Cir. 2009)("immunity, either absolute or qualified, is a *personal* defense that is available only when officials are sued in their individual capacities" (internal quotation marks and citation omitted)).

Second, the claims against the parole officer Jamin B. Martin in his official capacity are barred by the Eleventh Amendment. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58 (1989). Further, parole officers are absolutely immune from suits challenging conduct intimately associated with the criminal judicial process. *See Copus v. City of Edgerton,* 151 F.3d 646, 649 (7th Cir. 1998) (probation officers); *Demoran v. Witt,* 781 F.2d 155, 157 (9th Cir. 1985) (parole officers are entitled to absolute immunity with respect to the preparation of parole revocation reports); *Evans v. Dillahunty,* 711 F.2d 828, 831 (8th Cir. 1983)("parole officials in deciding to grant, deny, or revoke parole, perform functions comparable to those of judges," and are, therefore, entitled to absolute immunity.).

Third, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*
>
> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants

> in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Fourth, the "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Fifth, to the extent Sayres seeks to challenge the revocation of his parole and subsequent incarceration, the claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of *habeas corpus*." *Heck*, 512 U.S. 486-87. The holding of *Heck* has been applied to claims that would, if successful, imply the invalidity of a parole or probation revocation. *See e.g., Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995). Clearly, the holding of *Heck* bars Sayres' claims.

### 3. CONCLUSION

Accordingly, I recommend that the Complaint be dismissed as the claims asserted are

4

frivolous, fail to state claims upon which relief may be granted, are against individuals immune from suit, 28 U.S.C. § 1915(e)(2)(B)(i-ii), or are not presently cognizable under § 1983.

**Sayres has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  Sayres is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of January 2014.

/s/ *J. Marschewski*
 HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE